UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES MICHAEL JACOBS et al., ) <br> ) <br> Defendants. ) <br> _____ ) | 3:13-cv-00084-RCJ-VPC <br><br> **ORDER** |

This case arises out of the failure of a bank due to alleged malfeasance by its directors and officers in approving bad loans. Pending before the Court is a Motion to Reconsider (ECF No. 91). For the reasons given herein, the Court grants the motion in part.

**I.      FACTS AND PROCEDURAL HISTORY**

On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of non-party Carson River Community Bank (the "Bank") and appointed Plaintiff Federal Deposit Insurance Corp. ("FDIC") as receiver pursuant to 12 U.S.C. § 1821(c). (*See* Compl. ¶¶ 4–5, Feb. 22, 2013, ECF No. 1). FDIC sued Defendant James M. Jacobs in this Court for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to Jacobs's malfeasance as director and member of the Senior Loan Committee. (*See id.* ¶¶ 6–7). Plaintiff alleges that Jacobs used his position to obtain approval for loans to uncreditworthy borrowers so that those borrowers could satisfy existing troubled loans owed to other banks. (*See id.* ¶¶ 8–10).

The First Amended Complaint ("FAC") added Bank officers/directors Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole as Defendants. (*See generally* First Am. Compl., June 13, 2013, ECF No. 24). Jacobs answered and filed crossclaims for indemnification and contribution against co-Defendants, a counterclaim against the FDIC for an unspecified cause of action arising out of the FDIC's alleged failure to mitigate damages by selling Bank assets in a commercially reasonable manner, and third-party claims against Barbara Sikora, Franklin Bishop, Walter Cooling for indemnity and contribution, against Jake Huber and Lillian R. Dangott for breach of guaranty, against Kathy Grant and Charles N. Grant for breach of guaranty, and against William V. Merrill, Kathy Lynn Merrill, and the Bill and Kathy Merrill Family Trust for breach of guaranty. (*See* Answer, Aug. 2, 2013, ECF No. 35).

Co-Defendants conditionally settled for a total of $37,500: Glenn ($12,500); Dykes ($10,000); Waite ($7500); and McCole ($7500). (*See* Settlement Agreement 3 ¶ 2, June 13, 2013, ECF No. 40-1). The FDIC asked the Court to rule under state law that the settlement was made in good faith. The Court denied that motion. The FDIC also moved to strike certain affirmative defenses, to dismiss the counterclaim, and to strike two unauthorized surreplies. The Court granted those motions. Jacobs moved for leave to amend the Answer. The Court denied that motion.

## II. DISCUSSION

Jacobs asks the Court to reconsider in several respects. First, he asks the Court to amend the previous order to note that he had no interest in the banks to which the parties to whom the Bank gave allegedly bad loans owed existing loans. The FDIC in response appears to agree with Jacobs that he had no direct interest in those banks. Jacobs takes further issue with the remainder of the relevant allegations, but the FDIC stands by them. It appears as if paragraphs eight and nine of the Complaint consist of allegations that Jacobs used his position at the Bank to obtain approval for loans to uncreditworthy borrowers so that those borrowers could satisfy existing troubled loans owed to other (unidentified) banks. Paragraph ten appears to consist of separate allegations that Jacobs used his position to arrange for two Oklahoma banks, in which he did in fact have an interest, to purchase fractional interests in one of the bad loans already described, under terms that ensured the Oklahoma banks' interests in the loans would be satisfied before the Bank's interest. The Court may

2

have previously conflated the allegations in paragraphs eight through ten to mean that the unidentified banks from paragraphs eight and nine included the two Oklahoma banks mentioned in paragraph ten, in which Jacobs is in fact alleged to have an interest. The allegations are not completely clear, but the Court will not reconsider as to this issue. The parties may further explain and defend the allegations at the summary judgment and trial stages, but the Court will not amend its previous order to satisfy the parties as to the Court's interpretation of the allegations where not relevant to the outcome of the previous motions.

Second, Jacobs accepts the Court's dismissal of the unenumerated counterclaims the Court perceived for the FDIC's failure to monitor the Bank for compliance with the law, for the FDIC's failure to mitigate damages, and for defamation. But he asks the Court to reconsider dismissal of another unenumerated counterclaim for recoupment that the Court did not separately address. The FDIC responds that recoupment is a legal theory that permits a defendant to plead "recoupment" as an affirmative defense where equity so requires, where a statute of limitations bars an affirmative claim that would offset the plaintiff's damages. The FDIC notes that the recoupment defense must be based upon a putative affirmative counterclaim, and Plaintiff has no such putative affirmative counterclaims that have not been dismissed on the merits. Recoupment is an affirmative defense to a contract permitting a breaching party to offset damages to the extent the plaintiff has also breached. *See Schettler v. RalRon Capital Corp.*, 275 P.3d 933, 941 (Nev. 2012). The present Complaint is based entirely in tort, and the defense of recoupment therefore simply has no application. Even if it did, there are no independent counterclaims that have survived on the merits, and the mitigation of damages defense has been separately pled. Even if it had not been, the Court would be required to treat the recoupment counterclaim as a mitigation defense. *See* Fed. R. Civ. P. 8(c)(2). The Court will not reconsider in this regard.

Third, Plaintiff asks the Court to reconsider permitting him to file an amended answer to more particularly identify the legal bases of his defenses, i.e.: (1) to note that comparative negligence, not contributory negligence, applies; (2) to identify the statutes upon which his statutes of limitations defenses are based; (3) to identify a statute governing several versus joint-and-several liability; and (4) to identify the statute governing his business-judgment-rule defense. The FDIC

does not object. The Court grants the motion in this regard. Although Jacobs need not plead his defenses with such particularity—merely identifying the nature of a defense is enough under Rule 8(c)(1), and a court will at the summary judgment and trial stages closely examine the relevant law—the Court will grant him leave to do so.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Reconsider (ECF No. 91) is GRANTED IN PART and DENIED IN PART. The Order (ECF No. 90) is AMENDED to note that Jacobs may amend his Answer as delineated in this Order, but not in additional ways.

IT IS SO ORDERED.

Dated this 10th day of January, 2014.

_____
ROBERT C. JONES
United States District Judge