**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP.,  )<br>                                                              )<br>            Plaintiff,                                    )<br>                                                              )<br>    v.                                                       )       3:13-cv-00084-RCJ-VPC<br>                                                              )<br>JAMES MICHAEL JACOBS et al.,         )       **ORDER**<br>                                                              )<br>            Defendants.                              )<br>_____ ) | |

    This case arises out of the failure of a bank due to alleged malfeasance by its directors and officers in approving bad loans. Pending before the Court is are two Motions to Voluntarily Dismiss (ECF Nos. 79, 129) and a motion for Leave to File Second Amended Complaint (ECF No. 126). For the reasons given herein, the Court grants the motions.

**I.      FACTS AND PROCEDURAL HISTORY**

    On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of non-party Carson River Community Bank (the "Bank") and appointed Plaintiff Federal Deposit Insurance Corp. ("FDIC") as receiver pursuant to 12 U.S.C. § 1821(c). (*See* Compl. ¶¶ 4–5, Feb. 22, 2013, ECF No. 1). FDIC sued Defendant James M. Jacobs in this Court for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to Jacobs's malfeasance as director and member of the Senior Loan Committee. (*See id.* ¶¶ 6–7). Plaintiff alleges that Jacobs used his position to obtain approval for loans to uncreditworthy borrowers so that those borrowers could satisfy existing

troubled loans owed to other banks. (*See id.* ¶¶ 8–10).

The First Amended Complaint ("FAC") added Bank officers/directors Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole as Defendants. (*See generally* First Am. Compl., June 13, 2013, ECF No. 24). Jacobs answered and filed crossclaims for indemnification and contribution against co-Defendants, a counterclaim against the FDIC for an unspecified cause of action arising out of the FDIC's alleged failure to mitigate damages by selling Bank assets in a commercially reasonable manner, and third-party claims against Barbara Sikora, Franklin Bishop, Walter Cooling for indemnity and contribution, against Jake Huber and Lillian R. Dangott for breach of guaranty, against Kathy Grant and Charles N. Grant for breach of guaranty, and against William V. Merrill, Kathy Lynn Merrill, and the Bill and Kathy Merrill Family Trust for breach of guaranty. (*See* Answer, Aug. 2, 2013, ECF No. 35).

Co-Defendants conditionally settled for a total of $37,500: Glenn ($12,500); Dykes ($10,000); Waite ($7500); and McCole ($7500). (*See* Settlement Agreement 3 ¶ 2, June 13, 2013, ECF No. 40-1). The FDIC asked the Court to rule under state law that the settlement was made in good faith. The Court denied that motion. The FDIC also moved to strike certain affirmative defenses, to dismiss the counterclaim, and to strike two unauthorized surreplies. The Court granted those motions. Jacobs moved for leave to amend the Answer. The Court denied that motion and later reconsidered in part, permitting Jacobs to amend his Answer to more particularly identify the legal bases of his defenses, although the Court noted such amendment would not be necessary to preserve those defenses.

## II.   DISCUSSION

Jacobs has moved to voluntarily dismiss Third-Party Defendants Huber and Dangott with prejudice. Neither of those persons has made an appearance, and the Court grants the motion.

Plaintiff has asked leave to file a second amended complaint that omits Defendants Dykes, Waite, and McCole and has separately moved to voluntarily dismiss those Defendants with prejudice. Plaintiff has not asked the Court to make any good faith ruling as to any settlement between it and those Defendants, so the remaining Defendants may presumably rejoin the dismissed Defendants as Third-Party Defendants to seek contribution or indemnity if they wish. No Defendant

has timely objected to Plaintiff's motions.  The Court grants the motions.  Plaintiff may file the proposed second amended complaint attached at ECF No. 126-1.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions to Voluntarily Dismiss (ECF Nos. 79, 129) and the Motion for Leave to File Second Amended Complaint (ECF No. 126) are GRANTED.

IT IS SO ORDERED.

DATED:  This 2nd day of June, 2014.

_____
ROBERT C. JONES
United States District Judge