UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> JAMES MICHAEL JACOBS et al., <br><br> Defendants. | 3:13-cv-00084-RCJ-VPC <br><br> **ORDER** |

This case arises out of the failure of a bank due to alleged malfeasance by its directors and officers in approving bad loans. Pending before the Court is a Motion to Stay (ECF No. 151). For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

On February 26, 2010, the Financial Institutions Division of the Nevada Department of Business and Industry revoked the charter of non-party Carson River Community Bank (the "Bank") and appointed Plaintiff Federal Deposit Insurance Corp. ("FDIC") as receiver pursuant to 12 U.S.C. § 1821(c). (*See* Compl. ¶¶ 4–5, Feb. 22, 2013, ECF No. 1). FDIC sued Defendant James M. Jacobs in this Court for gross negligence and breach of fiduciary duties, alleging that approximately $3.6 million of the Bank's losses were attributable to Jacobs's malfeasance as director and member of the Senior Loan Committee. (*See id.* ¶¶ 6–7). Plaintiff alleges that Jacobs used his position to obtain approval for loans to uncreditworthy borrowers so that those borrowers could satisfy existing troubled loans owed to other banks. (*See id.* ¶¶ 8–10).

The First Amended Complaint ("FAC") added Bank officers/directors Charlie Glenn, Daniel Dykes, Byron Waite, and Richard McCole as Defendants. (*See generally* First Am. Compl., June 13, 2013, ECF No. 24). Jacobs answered and filed crossclaims for indemnification and contribution against co-Defendants, a counterclaim against the FDIC for an unspecified cause of action arising out of the FDIC's alleged failure to mitigate damages by selling Bank assets in a commercially reasonable manner, and third-party claims against Barbara Sikora, Franklin Bishop, Walter Cooling for indemnity and contribution, against Jake Huber and Lillian R. Dangott for breach of guaranty, against Kathy Grant and Charles N. Grant for breach of guaranty, and against William V. Merrill, Kathy Lynn Merrill, and the Bill and Kathy Merrill Family Trust for breach of guaranty. (*See* Answer, Aug. 2, 2013, ECF No. 35).

Co-Defendants conditionally settled for a total of $37,500: Glenn ($12,500); Dykes ($10,000); Waite ($7500); and McCole ($7500). (*See* Settlement Agreement 3 ¶ 2, June 13, 2013, ECF No. 40-1). The FDIC asked the Court to rule under state law that the settlement was made in good faith. The Court denied that motion. The FDIC also moved to strike certain affirmative defenses, to dismiss the counterclaim, and to strike two unauthorized surreplies. The Court granted those motions. Jacobs moved for leave to amend the Answer. The Court denied that motion and later reconsidered in part, permitting Jacobs to amend his Answer to more particularly identify the legal bases of his defenses, although the Court noted such amendment would not be necessary to preserve those defenses. The Court later granted motions to voluntarily dismiss Defendants Dykes, Waite, and McCole and Third-Party Defendants Huber and Dangott, as well as Plaintiff's motion to file a second amended complaint omitting the dismissed Defendants. Plaintiff filed the Second Amended Complaint ("SAC"). Jacobs has now asked the Court to stay the case.

**II.   DISCUSSION**

Jacobs notes that there is a pending action before this Court in which a corporate insurance company has sued Defendants in the present action for a declaration of non-liability based upon the alleged malfeasance at issue in this case. (*See Bancinsure, Inc. v. Jacobs*, No. 3:13-cv-302 (the "'302 Case")). Bancinsure, Inc. is now known as Red Rock Insurance Co. ("Red Rock"). A state court in Oklahoma has ordered Red Rock to show cause why it should not be put into receivership based on

its alleged insolvency. Jacobs argues that if Red Rock is put into receivership, Red Rock will likely be liquidated and the '302 Case terminated. He argues that his defense strategy in the present case may be affected by such events and that he would rather the present case were stayed so that he may prepare his defense strategy knowing whether Red Rock will be put into receivership and the '302 case terminated.

Plaintiff responds that the receivership of Red Rock would have no effect on the present case, unlike the '302 Case. The Court agrees that the availability of insurance via Red Rock has nothing to do with the claims against Defendants. Evidence of such insurance would not even be admissible at trial. *See* Fed. R. Evid. 411. The Court will not stay the present case based upon the potential liquidation of an insurance company with whom Defendants have allegedly contracted to help them satisfy a judgment in the present case. That issue concerns only Defendants' ability to satisfy an eventual judgment. It has nothing to do with the merits of the present case.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 151) is DENIED.

IT IS SO ORDERED.

Dated: This 16th day of September, 2014.

                                                ROBERT C. JONES
                                                United States District Judge